**E-FILED**
Wednesday, 06 October, 2004  03:38:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| CARSON CONAWAY and MELISSA CONAWAY, | ) )  ) |
| Plaintiffs, | ) ) ) |
| | ) No.  2004- |
| | ) ) |
| v. | ) ) |
| C.B. ACCOUNTS, INC. | ) ) |
| Defendant. | ) ) |

COMPLAINT

    Plaintiffs, CARSON and MELISSA CONAWAY by their attorney, Douglas J. Quivey of LONDRIGAN, POTTER & RANDLE, P.C. complaining of Defendant, C.B. ACCOUNTS, INC. state:

**COUNT I**
**PLAINTIFF CARSON CONAWAY**
**FAIR DEBT COLLECTION ACT**

    1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.  This action is authorized and instituted pursuant to 15 U.S.C. § 1692 et. seq., Fair Debt Collection Act, and applicable Illinois Law.

    2.  The unlawful conduct hereinafter alleged was committed in the Central District of Illinois.

    3.  Plaintiff Carson Conaway during all relevant times herein was and continues to be an adult male resident living in the Central District of Illinois.

4.  Plaintiff Melissa Conaway during all relevant times herein was and continues to be an adult female resident living in the Central District of Illinois.

5.  At all relevant times Carson and Melissa Conaway have been husband and wife.

6.  At all relevant times, Defendant C.B. Accounts, Inc., a Illinois corporation, was a collection agency engaged in the collection of debts for the Abraham Lincoln Memorial Hospital of Lincoln, Illinois.

7.  In 2002, Carson Conaway received medical services from the Abraham Lincoln Memorial Hospital in Lincoln, Illinois. (Account # C02027).

8.     The Abraham Lincoln Memorial Hospital billed Carson Conaway $265.76 for said medical services.

9.  On or about December 11, 2002, Carson Conaway paid Abraham Lincon Memorial Hospital $265.76, payment in full, for said medical services.

10.  On or about December 19, 2002, Defendant, acting through its agents and employees, sent Carson Conaway a letter addressed to 713 S. State Street, Springfield, Illinois, asserting that Carson owed $265.76 to the Abraham Lincoln Memorial Hospital for account # C02027 and that he should pay said amount to Defendant.

11.  After December 19, 2002 and continuing up through approximately May of 2004, Carson Conaway received numerous and excessive phone calls from Defendant, acting through its agents and employees, regarding account # C02027 in violation of 15 U.S. C. § 1692d(5).

2

12.  After December 19, 2002 and continuing up through approximately May of 2004, on various occasions Conaway received multiple calls on the same day from Defendant's agents and employees in violation of 15 U.S. C. § 1692d(5).

13.  Carson Conaway told agents and employees of Defendant that he did not owe any money to the Abraham Lincoln Memorial Hospital for account # C02027.

14.  Carson Conaway told agents and employees of Defendant that he did not want them to call him again regarding account # C02027.

15.  Agents and/or employees of Defendant falsely told Carson Conaway that he did owe money to the Abraham Lincoln Memorial Hospital for account # C02027 in violation of 15 U.S.C. § 1692e(2)(A).

16.  Agents and and/or employees of Defendant accused Carson Conaway of lying when he told them that he did not owe money to the Abraham Lincoln Memorial Hospital for account # C02027 in violation of 15 U.S.C. § 1692e(2)(A).

17.   Based upon information and belief, agents and/or employees of Defendant falsely informed Carson Conaway that they had checked with the Abraham Lincoln Memorial Hospital and that he did owe for account # C02027 in violation of 15 U.S.C. § 1692e(2)(A).

18.  On or about October 29, 2003, Carson Conaway wrote Defendant a letter instructing it not to contact him further regarding the alleged debt.

3

19.  Attached to the letter sent to Defendant in October of 2003 was a credit card receipt showing that account # C02027 was paid in full.

20.  On multiple occasions after Defendant received the letter from Carson Conaway in October of 2003, agents and/or employees of Defendant called Carson Conaway demanding that he pay the alleged debt in violation of 15 U.S.C. § 1692c(c).

21.  Agents and employees of Defendant threatened to communicate credit information about Carson Conaway to credit bureaus when they knew or should have known said information was false in violation of 15 U.S.C. § 1692e(8).

22.  On multiple occasions, Defendant, acting through it agents and/or employees, communicated information about Carson Conaway's alleged debt that they knew or should have known was false to Melissa Conaway in violation of 15 U.S.C. § 1692b(2) and 15 U.S.C. § 1692e(8).

23.  As a direct and proximate result of the before mentioned acts and omissions of Defendant's agents and/or employees, Carson Conaway suffered severe emotional distress and aggravation that negatively impacted him both emotionally and physically.

WHEREFORE, Plaintiff Carson Conaway prays that judgment be entered against Defendant as follows:

   (A)   award actual damages, including damages for
         emotional distress, in an amount to be determined

at trial;

(B)    award damages pursuant to 15 U.S.C. § 1692k(a)(2) in the amount of $1,000;

(C)    award reasonable attorney's fees and costs;

(D)    award other just and equitable relief as the Court deems fit.

PLAINTIFF DEMANDS TRIAL BY JURY

Carson Conaway , Plaintiff,

## COUNT II
## PLAINTIFF CARSON CONAWAY
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

24-47.  Plaintiff Carson Conaway re-alleges paragraphs 1-23 of Count I as paragraphs 24-47 of Count II.

48.  Agents and/or employees of Defendant made the false and misleading statements as before herein alleged with the intent to have Carson Conaway and /or Melissa Conaway pay the alleged debt.

49.  At all relevant times herein, Defendant was attempting to collect an alleged debt and was engaged in trade or commerce.

50.  In attempting to collect the alleged debt, Defendant, acting through agents and/or employees, violated the Illinois Consumer Fraud and Deceptive Business practices Act in the following ways:

a.    used false and deceptive means to try and collect the alleged debt in violation of 815 ILCS 505/2;

5

b.    repeatedly misrepresented that the alleged debt was actually owed in violation of 815 ILCS 505/2;

c.    repeatedly tried to collect the alleged debt from Melissa Conaway in violation of 815 ILCS 505/2H.

51.  As a direct and proximate result of the fraud and misrepresentations of Defendant's agents and employees, Carson Conaway suffered severe emotional distress and aggravation that negatively impacted him both emotionally and physically.

52.  As before herein alleged, Defendant, acting through its agents and/ or employees, acted with reckless indifference to the rights of Carson Conaway.

WHEREFORE, Plaintiff Carson Conaway prays that judgment be entered against Defendant as follows:

(A)    pursuant to 815 ILCS 505/10a, award actual damages, including damages for emotional distress, in an amount to be determined at trial;

(B)    pursuant to 815 ILCS 505/10a, award punitive damages in an amount to be determined at trial;

(C)    pursuant to 815 ILCS 505/10a, award other just and equitable relief as the Court deems fit;

(D)    pursuant to 815 ILCS 505/10a, award reasonable attorney fees and costs.

PLAINTIFF DEMANDS TRIAL BY JURY

Carson Conaway, Plaintiff

## COUNT III
## PLAINTIFF MELISSA CONAWAY

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

53-76.  Plaintiff Melissa Conaway re-alleges paragraphs 1-23 of Count I as paragraphs 53-76 of Count III.

77.  Agents and/or employees of Defendant made the false and misleading statements as before herein alleged with the intent to have Carson Conaway and /or Melissa Conaway pay the alleged debt.

78.  At all relevant times herein, Defendant was attempting to collect an alleged debt and was engaged in trade or commerce.

79.  In attempting to collect the alleged debt, Defendant, acting through agents and/or employees, violated the Illinois Consumer Fraud and Deceptive Business practices Act in the following ways:

a.    used false and deceptive means to try and collect the alleged debt in violation of 815 ILCS 505/2;

b.    repeatedly misrepresented that the alleged debt was actually owed in violation of 815 ILCS 505/2;

c.    repeatedly tried to collect the alleged debt from Melissa Conaway in violation of 815 ILCS 505/2H.

80.  As a direct and proximate result of the fraud and misrepresentations of Defendant's agents and employees, Melissa Conaway suffered severe emotional distress.

81.  As before herein alleged, Defendant, acting through its agents and/or employees, acted with reckless indifference to the rights of Melissa Conaway.

7

WHEREFORE, Plaintiff Melissa Conaway prays that judgment be entered against Defendant as follows:

    (A)    pursuant to 815 ILCS 505/10a, award actual damages, including damages for emotional distress, in an amount to be determined at trial;

    (B)    pursuant to 815 ILCS 505/10a, award punitive damages in an amount to be determined at trial;

    (C)    pursuant to 815 ILCS 505/10a, award other just and equitable relief as the Court deems fit;

    (D)    pursuant to 815 ILCS 505/10a, award reasonable attorney fees and costs.

PLAINTIFF DEMANDS TRIAL BY JURY

Melissa Conaway, Plaintiff

## COUNT IV
## PLAINTIFF CARSON CONAWAY
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82-105.  Plaintiff Carson Conaway re-alleges paragraphs 1-23 of Count I as paragraphs 82-105 of Count IV.

106.  In attempting to collect the alleged debt, Defendant, acting through its agents and/or employees, acted with reckless indifference to the rights of Carson Conaway and with the intent to cause emotional harm to Carson Conaway.

107.  As a direct and proximate result of Defendant's actions, Plaintiff

Carson Conaway suffered severe emotional distress, aggravation, and was otherwise injured.

WHEREFORE, Plaintiff Carson Conaway prays that judgment be entered against Defendant as follows:

(A)    award actual damages, including damages for emotional distress, in an amount to be determined at trial;

(B)    award punitive damages in amount to be determined at trial;

(C)    award other just and equitable relief as the Court deems fit.

PLAINTIFF DEMANDS TRIAL BY JURY.

Carson Conaway Plaintiff,

## COUNT V
## PLAINTIFF MELISSA CONAWAY
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108-131.  Plaintiff Melissa Conaway re-alleges paragraphs 1-23 of Count I as paragraphs 108-131 of Count V.

132.  In attempting to collect the alleged debt, Defendant, acting through its agents and/or employees, acted with reckless indifference to the rights of Melissa Conaway and with the intent to cause emotional harm to Melissa Conaway.

133.  As a direct and proximate result of Defendant's actions, Plaintiff

Melissa Conaway suffered severe emotional distress, and was otherwise injured.

WHEREFORE, Plaintiff Melissa Conaway prays that judgment be entered against Defendant as follows:

(A)    award actual damages, including damages for emotional distress, in an amount to be determined at trial;

(B)    award punitive damages in amount to be determined at trial;

(C)    award other just and equitable relief as the Court deems fit.

PLAINTIFF DEMANDS TRIAL BY JURY.

Melissa Conaway, Plaintiff,

By:    s/ Douglas J. Quivey
Douglas J. Quivey Bar Number: 6225888
Attorney for Defendants
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South 7th Street
P.O. Box 399
Springfield, Illinois 62705
Telephone:  (217) 544-9823
Fax:  (217) 544-9826
E-Mail: doug@lprpc.com